IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>STATE OF COLORADO, )<br>STATE OF MARYLAND, )<br>STATE OF MISSOURI, )<br>STATE OF NEVADA, )<br>STATE OF TENNESSEE, )<br>STATE OF UTAH, and )<br>COMMONWEALTH OF VIRGINIA, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CENTEX HOMES, A NEVADA )<br>    GENERAL PARTNERSHIP, )<br>)<br>Defendant. )<br>) | Civil Action No.<br>No.1:08CV605 JCC/JFA |

## JOINT STIPULATION AND FIRST AMENDMENT TO CONSENT DECREE

WHEREAS, the United States, on behalf of the Environmental Protection Agency ("EPA"), and the States of Colorado, Maryland, Missouri, Nevada, Tennessee, Utah, and the Commonwealth of Virginia ("State Plaintiffs") filed a Complaint in this matter on June 11, 2008 against Centex Homes, a Nevada General Partnership ("Centex") alleging violations of the Clean Water Act, 33 U.S.C. § 1311 et seq., as well as violations of state and federal National Pollutant Discharge Elimination System permits governing the discharge of storm water from Centex's construction sites, and the United States and Centex thereafter lodged a Consent Decree resolving the allegations raised in the Complaint.

1

WHEREAS, the Court approved and entered the Consent Decree on August 1, 2008 (hereinafter the "2008 Centex Consent Decree" or "Decree").

WHEREAS, on August 18, 2009, the shareholders of Centex and Pulte Homes, Inc. ("Pulte") voted to approve a merger transaction between the two companies, and under the terms of the approved merger transaction, Centex became an indirect wholly-owned subsidiary of Pulte.

WHEREAS, Pulte also has entered into a Consent Decree with the United States and certain states resolving alleged violations of the Clean Water Act, 33 U.S.C. § 1311 et seq., and state and federal National Pollutant Discharge Elimination System permits governing the discharge of storm water from Pulte's construction sites (hereinafter the "2008 Pulte Consent Decree") that has terms that are substantially equivalent (and in some cases identical) to the terms in the 2008 Centex Consent Decree. *See United States v. Pulte Homes, Inc.*, Civil Action No. 1:08CV602 (Aug. 8, 2008, E.D. Va.).

WHEREAS, Paragraph 21 of the 2008 Pulte Consent Decree states that Pulte is obligated to bring any newly-acquired entity into compliance with the 2008 Pulte Consent Decree within 180 days of the acquisition. As part of an interim transition plan agreed to by the parties in September 2009, Pulte agreed to begin such compliance efforts September 1, 2009. Pulte further agreed to ensure that all Centex operations conform to the 2008 Pulte Consent Decree no later than December 31, 2009, with the exception of bid language, contract agreements, and signage. (The parties agreed that there was no need to rewrite bid language, redraft construction contracts, or redo signage, as the respective requirements in the two decrees were substantially equivalent.)

WHEREAS, the parties seek to amend the 2008 Centex Consent Decree to permit its early termination in circumstances in which Centex is purchased by an entity that has separately entered into a Consent Decree with terms that are substantially equivalent to the 2008 Centex Consent Decree.

WHEREAS, the 2008 Centex Consent Decree specified that the Court would retain continuing jurisdiction for the purpose of enforcing and modifying the Decree.

WHEREAS, Paragraph 68 of the 2008 Centex Consent Decree provides that the terms of the Decree may be modified by a written agreement signed by the United States (after consultation with State Plaintiffs) and Centex.

WHEREAS, Paragraph 69 of the Decree provides that "any modification which constitutes a material change to the terms of this Consent Decree . . . shall be effective only upon approval by the Court."

WHEREAS, the Parties recognize that this First Amendment to Consent Decree ("First Decree Amendment") has been negotiated at arms-length and in good faith and that this First Decree Amendment is fair, reasonable, and in the public interest.

NOW THEREFORE, the United States (after consultation with the State Plaintiffs) and Centex hereby agree that effective upon entry of this First Decree Amendment by the Court, the 2008 Centex Consent Decree shall be amended to include new Paragraph 74(A) as set forth below:

**FIRST AMENDED CONSENT DECREE PROVISION**

74(A). In addition to the termination provisions described above in Paragraphs 72 - 74, the Consent Decree may also be terminated upon joint motion of the Builder and Federal Plaintiff, after consultation with

the State Plaintiffs, if Builder or substantially all of Builder's assets are acquired by another company that is subject to a Consent Decree with substantially equivalent provisions. In that event, the Court shall enter an order terminating the Consent Decree effective as of the filing of said joint motion.

THE UNDERSIGNED PARTY enters into this Joint Stipulation and First Amendment to Consent Decree in the matter of United States, et al. v. Centex Homes, Civ. No. 1:08cv605 (JCC/JFA) (E.D. Va.).

FOR THE UNITED STATES OF AMERICA:

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources
 Division
United States Department of Justice

Date: January __, 2010

JAMES D. FREEMAN
Trial Attorney
Environmental Enforcement Section
United States Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1489
Fax: (303) 844-1350
James.Freeman2@usdoj.gov

NEIL H. MACBRIDE
United States Attorney

Date: January __, 2010

GERARD MENE
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3777
Fax: (703) 299-3989
Gerard.Mene@usdoj.gov

5

THE UNDERSIGNED PARTY enters into this Joint Stipulation and First Amendment to Consent Decree in the matter of <u>United States, et al. v. Centex Homes</u>, Civ. No. 1:08cv605 (JCC/JFA) (E.D. Va.).

FOR THE UNITED STATES OF AMERICA (Continued):

Date: 1/15/10

MARK POLLINS
Director
Water Enforcement Division
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
MC2243A, Room 4120A
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460
Tel: (202) 564-4001
Fax: (202) 564-0024

THE UNDERSIGNED NON-PARTY consents to this Joint Stipulation and First Amendment to Consent Decree in the matter of <u>United States, et al. v. Centex Homes</u>, Civ. No. 1:08cv605 (JCC/JFA) (E.D. Va.).

FOR PULTE HOMES, INC.:

Date: January 20, 2010

JILL MARIE DENNIS (VA Bar # 43466)
Hunton & Williams LLP
1751 Pinnacle Drive
McLean, VA 22102
(703) 714-7400
Fax: (703) 714-7410
jmdennis@hunton.com

VIRGINIA S. ALBRECHT (Admitted Pro Hac Vice)
Hunton & Williams LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 955-1500
Fax: (202) 778-2201

THE UNDERSIGNED PARTY enters into this Joint Stipulation and First Amendment to Consent Decree in the matter of <u>United States, et al. v. Centex Homes</u>, Civ. No. 1:08cv605 (JCC/JFA) (E.D. Va.).

FOR CENTEX HOMES:

Date: January 20, 2010

*/s/ Jill Marie Dennis*
JILL MARIE DENNIS (VA Bar # 43466)
Hunton & Williams LLP
1751 Pinnacle Drive
McLean, VA 22102
(703) 714-7400
Fax: (703) 714-7410
jmdennis@hunton.com

VIRGINIA S. ALBRECHT (Admitted Pro Hac Vice)
Hunton & Williams LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 955-1500
Fax: (202) 778-2201

8

IT IS HEREBY

ORDERED that the First Amendment to Consent Decree, agreed upon by all parties in the above-referenced case and consented to by non-party Pulte Homes, Inc., is entered; and it is hereby

FURTHER ORDERED that Centex Homes shall be subject to the provisions of the Pulte Consent Decree effective the date of this Order, except for the provisions regarding bid language, contract agreements, and signage; and it is hereby

FURTHER ORDERED that the First Amended Consent Decree in the above-referenced case is terminated pursuant to Paragraph 74(A) of the First Amended Consent Decree.

Ordered this 25th day of January, 2010.

/s/
James C. Cacheris
United States District Judge

JAMES C. CACHERIS
United States District Judge